IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

BERNARD GERSTNER, et al., )
)
           Plaintiffs, )
)
vs. ) Case No. 09-6088-CV-SJ-ODS
)
SEBIG, LLC, et al., )
)
           Defendants. )

ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS AND
DENYING PLAINTIFF'S MOTION TO REMOVE COUNSEL

Pending are Defendants' motion to dismiss (Doc. # 16) and Plaintiffs' motion to remove counsel (Doc. # 28). Plaintiffs' motion to remove counsel is denied. Defendants' motion to dismiss is granted.

I. BACKGROUND

Plaintiffs allege that Defendants Donald Roberts, Arlo W. Erickson, B. A. Schawinsky, and Pat Stewart formed Defendant Sebig, LLC, "for the primary purpose of investing in and developing real estate through investors." Plaintiffs claim that they had purchased a "security interest" in Sebig, LLC, and that they are either current or former "members" of the company. According to Plaintiffs, Defendants committed numerous violations of federal securities laws through the sale of the "security interest[s]" to Plaintiffs. Plaintiffs also assert that the Individual Defendants "totally mismanaged and were incompetent in the control, administration and operation of [Sebig, LLC]." Plaintiffs claim a right of recovery for these alleged wrongs "pursuant to . . . 17 C.F.R. §240.10b-5 [sic] or SEC Rule 10-5 [sic]."

Defendants filed a motion to dismiss, arguing that Plaintiffs failed to comply with

the notice pleading requirements found in Rule 8(a)(2) as outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendants also argued that Plaintiffs' claims appeared to be for fraud and that–as such–the claims failed to meet the heightened pleading standard imposed by Rule 9(b). In addition, Defendants argued Plaintiffs' claims were precluded by a 3-year statute of limitations.

Plaintiffs subsequently filed a motion to remove counsel claiming that the law firm representing Defendants had formerly represented a company called Selick, LLC. According to Plaintiffs, Selick, LLC's interests either are or were adverse to Sebig, LLC. Based on these allegedly conflicting interests, Plaintiffs argued that defense counsel should be disqualified from representing Defendants in this case.

## II. DISCUSSION

The Court will first address Plaintiffs' motion to remove counsel. Thereafter, Defendants' motion to dismiss will be discussed.

### A. Motion to Remove Counsel

Plaintiffs assert that defense counsels' former representation of Selick, LLC is adverse to its current representation of Sebig, LLC because Selick, LLC received property that was fraudulently transferred from Sebig, LLC. However, Plaintiffs' interests in this litigation are not being compromised by defense counsels' former representation of Selick, LLC. Plaintiffs have not demonstrated a conflict of interest that disqualifies defense counsel in this case, and Plaintiffs' motion to remove counsel is denied.

### B. Motion to Dismiss

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to

2

relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted).

Liberally construed, Plaintiffs assert four counts federal securities violations and

3

one count alleging that the Individual Defendants mismanaged Sebig, LLC in violation of state law. The Court will first consider Plaintiffs' securities allegations[1] before taking up Plaintiffs' state law claim.

*(1) Securities Allegations*

Plaintiffs first assert that Defendants sold unregistered securities in violation of 15 U.S.C. 77e. A private cause of action for a violation of 15 U.S.C. 77e is provided in 15 U.S.C. § 77*l*(a)(1). To establish a prima facie case for selling unregistered securities, a plaintiff must allege (1) the sale or offer to sell securities; (2) the absence of a registration statement covering the securities; and (3) the use of the mails or facilities of interstate commerce in connection with the sale or offer. *See Raiford v. Buslease, Inc.*, 825 F.2d 351, 354 (11th Cir. 1987). Here, Plaintiffs appear to adequately plead the first two elements of this cause of action by claiming Defendants offered to sell them "[s]ecurity interests" in Sebig, LLC and that "[s]aid security offerings should have been pre-registered." However, in alleging the third element of their cause of action, Plaintiffs merely state that Defendants "employed a means or instrumentality of interstate commerce in connection with the offer and sale of said securities." This "[t]hreadbare recital[ ]" is insufficient to state a cause of action. *Iqbal*, 129 S. Ct. at 1949; *Bell Atlantic Corp.*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."); *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (1999) ("At the very least . . . the complaint must contain facts which state a claim as a matter of law and must not be conclusory.") Since Plaintiffs have failed to adequately plead their claim under 15 U.S.C. 77e, the claim must be dismissed.

---

[1] Defendants have not argued that Plaintiffs' membership interests in Sebig, LLC fail to meet the definition of "security" as defined by Congress. *See* 15 U.S.C. § 77b(a)(1); 15 U.S.C. § 78c(a)(10). Thus, for purposes of this motion to dismiss, the Court will assume–but does not hold–that Plaintiffs' interests in Sebig, LLC constitute securities subject to federal regulation.

4

Case 5:09-cv-06088-ODS   Document 35   Filed 12/04/09   Page 4 of 7

Plaintiffs also seek to hold Defendants liable for allegedly acting as unregistered brokers in violation of 15 U.S.C. § 78*o*(a)(1). However, there is no private cause of action for a violation of this statute. *See Brannan v. Eisenstein*, 804 F.2d 1041, 1043 n.1 (8th Cir. 1986). Thus, this claim must be dismissed.

Plaintiffs next claim is for fraud in the "[o]ffer and [s]ale of [s]ecurities." According to Plaintiffs, "Defendants used various fraudulent devices and schemes in the offer and sale of the securities of Sebig, LLC." Although Plaintiffs support this allegation by citing a federal statute that does not prohibit this type of securities fraud,[2] the Court notes that 15 U.S.C. § 77q(a) generally prohibits any person from using interstate commerce or the mails to employ a device, scheme, or artifice to defraud in the offer or sale of a security. However, there is no private cause of action for a violation of 15 U.S.C. § 77q(a). *See Brannan*, 804 F.2d at 1043 n.1. Thus, Plaintiffs cannot recover for Defendants' alleged fraud in the offer and sale of securities.

Plaintiffs' final securities allegation is that Defendants violated federal law[3] by committing fraud in the "[p]urchase and sale" of securities. Fraud in the purchase and sale of securities is prohibited by 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b–5.[4] However, to adequately plead this claim, Plaintiffs were required to abide by the Private Securities Litigation Reform Act (PSLRA) and "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief . . . state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1).

---

[2] Plaintiffs cite 15 U.S.C. § 77a, which states, "This subchapter may be cited as the 'Securities Act of 1933[].'"

[3] In support of their allegation, Plaintiffs reference 15 U.S.C. § 78(b), but there is no statute with this citation. Plaintiffs may have intended to cite 15 U.S.C. § 78b; however, this statute merely provides the reasons why Congress thought the Securities and Exchange Act of 1934 was necessary.

[4] Although Plaintiffs initially claimed that they were bringing all their claims pursuant to 17 C.F.R. § 240.10b-5, this is the only allegation that implicates that regulation.

5

In addition, Plaintiffs were required to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). Here, Plaintiffs failed to allege any facts that satisfy 15 U.S.C. § 78u-4(b)(1) or (b)(2). Although Plaintiffs purportedly "do know that collectively certain illegal actions were committed," Plaintiffs admit that they cannot determine "[e]xactly which Defendant said what or did what . . . ." According to Plaintiffs, the evidence establishing fraud is "totally in possession of Defendants" and that "[w]hen the Plaintiffs complete extensive discovery, exact and specific allegations will be made by amending the Original Complaint." However, PSLRA clearly prevents Plaintiffs from being entitled to discovery based on the vague and nonspecific allegations of fraud in Plaintiffs' Complaint. Since Plaintiffs failed to comply with PSLRA's pleading requirements,[5] this claim must be dismissed. *See* 15 U.S.C. § 78u-4(b)(3).

Since Plaintiffs' claim for fraud in the purchase of securities is being dismissed, the Court is obligated to determine whether the parties have complied with Rule 11(b) of the Federal Rules of Civil Procedure and assess mandatory sanctions as appropriate. 15 U.S.C. § 78u-4(c). Although Plaintiffs failed to plead their claim with the proficiency one would expect from an experienced attorney, the Court finds no indication the claim was asserted for an improper purpose or without a reasonable belief that the claims would be supported by evidence. Thus, sanctions are unwarranted.

*2. State Law Claim*

Plaintiffs claim the Individual Defendants "totally mismanaged and were incompetent in the control, administration and operation of [Sebig, LLC]." Plaintiffs provide no other allegations in support of this assertion. As such, Plaintiffs' state law

---

[5] Even if the PSLRA did not apply, Plaintiff's were nevertheless required to "state with particularity the circumstances constituting fraud" in alleging fraud in the purchase of securities. Fed. R. Civ. P. 9(b). The Court holds that vague and conclusory allegations in Plaintiffs' complaint also fail to meet this pleading standard.

6

cause of action must be dismissed because it fails to give Defendants fair notice of what the claim is and the grounds upon which it rests.

III. CONCLUSION

The Court holds that Plaintiffs have failed to demonstrate a conflict of interest necessitating the defense counsel's disqualification, and Plaintiffs' motion to remove counsel is denied. The Court further holds that Plaintiffs have failed to state a claim upon which relief can be granted. Thus, Defendants motion to dismiss is granted.

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, JUDGE
DATE: December 4, 2009                     UNITED STATES DISTRICT COURT